UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ORRIN FALBY,

                Plaintiff,

        -against-

GREENBERG TRAURIG, LLP and
JOHN DOES 1-100, the actual names of
such individuals or entities being
unknown,
                Defendants.
--------------------------------------------------------X

<u>**FIRST AMENDED COMPLAINT**</u>

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

12 Civ. 9317 (MGC)



Plaintiff, Orrin Falby, by his attorneys, Cary Kane LLP, complaining of defendants, alleges:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action to remedy violations of the Fair Labor Standards Act as amended, 29 U.S.C. Sec. 201 <u>et seq.</u> ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216, 217, and other applicable law.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law, N.Y. LAB. LAW §§ 190 <u>et</u> <u>seq.</u>, §§ 650 <u>et</u> <u>seq</u>. ("NYSLL"). Plaintiff seeks declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys fees, and all other appropriate legal and equitable relief, pursuant to NYSLL §§ 198, 663 and other applicable law.

3. Plaintiff also brings this action to remedy unlawful retaliation for retaliatory actions taken against him after the filing of this complaint. Specifically, defendants have brought meritless counterclaims against plaintiff in an attempt to discourage the bringing of this action, in violation of 29 U.S.C. § 215 and NYSLL § 215.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of the Court over plaintiff's NYSLL claims is invoked pursuant to NYSLL §§ 198, 663 and 28 U.S.C. § 1367(a), in that plaintiff's state law claims are so related to plaintiff's FLSA claims so as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants maintain their principal place of business in, do business in, and, accordingly, reside in this District.

## PARTIES

7. Plaintiff Orrin Falby ("Falby") resides in Jackson, New Jersey. At all relevant times, Falby was employed by defendant.

8. Defendant Greenberg Traurig, LLP ("GT") is a New York Limited Liability Partnership doing business at 200 Park Avenue, New York, New York.

9. Defendants John Does 1-100 are other individuals or entities affiliated with the defendant listed in paragraph "8" of this Complaint. Plaintiff reserves the right to name additional parties as their identities become known to plaintiff. Upon information and belief, at all relevant times, John Does 1-100 had control over the employment practices of GT and were responsible for the wage and hour practices complained of herein. Therefore, John Does 1-100 constitute an "employer" within the definition of 29 U.S.C. § 203(d) and NYSLL §§ 190 and 651. GT and Defendants John Does 1-100 are collectively referred to as the "defendants."

10. Each of the defendants in paragraphs "7" and "8" is an "employer," within the meaning of 29 U.S.C. § 203(d) and NYSLL § 651.

## FACTUAL ALLEGATIONS

11. Defendant GT is an international law firm.

12. Plaintiff Falby worked for GT at its Manhattan office from October 2007 through April 2012 as a paralegal in GT's intellectual property department with the job title "trademark administrator." Falby's duties were all performed under the supervision of and direction by attorneys in GT's intellectual property department, and included speaking with clients; drafting, proofreading, and revising documents; watching clients' trademarks to identify potential infringements; and conducting legal research. Throughout his employment, Falby was paid on an hourly basis for 75.84 hours every two weeks.

13. Throughout his employment with GT, Falby regularly worked over 40 hours per week. However, plaintiff's paystubs indicated he was paid only for 75.84 hours twice per month.

14. Plaintiff worked more hours than were reflected on his paystubs, and defendants failed to keep accurate records of the hours worked by plaintiff. By doing so, defendants avoided paying plaintiff statutorily required overtime for all hours worked over 40 in a week, and in several instances also avoided paying his regular hourly rate for hours worked under 40 per week.

15. When hired, Falby was told by defendants that he would earn about $110,000 per year. From October 2007 through December 2008, Falby was paid $60.43 per hour for 75.84 hours, or about $4,583.00, bimonthly.

16. From January 2009 through April 2012, Falby was told by defendants that his yearly earnings would decrease to $105,000. For that period, Falby was paid $57.69 per hour for 75.84 hours, or $4,375.00, bimonthly.

17. Falby's duties as a trademark administrator were those of a paralegal. All

of his work was performed under the supervision and with the approval of attorneys. In performing his duties, Falby was not permitted to exercise discretion and/or independent judgment with respect to matters of significance. None of his duties could be considered as falling within any relevant exemptions under the FLSA.

18. Upon information and belief, other GT paralegals holding the job title of "trademark administrator" were reclassified as non-exempt in 2012, but have not been compensated for the overtime hours they have worked during the period of time in which they were improperly deemed exempt.

19. Upon information and belief, defendants have known of and/or shown reckless disregard for the practice by which plaintiff was not paid for all hours worked, or a time and a half premium for all hours worked over 40 in a week. Upon information and belief, defendants have known and/or showed reckless disregard for whether their practices violate the FLSA and the NYSLL.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wage - FLSA)

20. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 19 as if recited at length herein.

21. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

22. Defendants, by the above acts, have violated 29 U.S.C. § 207.

23. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

24. Plaintiff has suffered irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

25. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wage – NYSLL)

26. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 as if recited at length herein.

27. At all relevant times, defendants have not paid plaintiff at the statutorily required overtime rate of time and one half for hours worked by plaintiff in excess of forty hours in a week.

28. In several instances, defendants also did not pay plaintiff's regular hourly rate for hours worked under 40 per week.

29. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142-2.2.

30. Defendant had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

31. Plaintiff has suffered irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

32. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Failure to Pay Wages When Due – NYSLL)

33. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34. Plaintiff was a "Clerical and other worker" as defined in NYSLL § 190(7).

35. Pursuant to NYSLL § 191(d), defendants were obligated to pay plaintiff

his earned wages no less than semi-monthly.

36. By failing to pay earned wages, defendants have violated NYSLL § 191.

37. Defendants had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

38. Plaintiff has suffered irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

39. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Unlawful Deductions – NYSLL)

40. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 of the Complaint as if set forth herein.

41. Pursuant to NYSLL § 193, defendants were prohibited from deducting any amounts of plaintiff's wages from his paycheck.

42. By failing to pay upon the earned wages, Defendants have unlawfully deducted from plaintiff's wages in violation of NYSLL §193.

43. Defendant had no good faith basis to believe that its actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

44. Plaintiff has suffered irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

45. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Retaliation – FLSA)

46. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 45 of the Complaint as if set forth herein.

47. On December 28, 2012, plaintiff filed the Complaint in the instant action, alleging that his rights under the FLSA and NYSLL have been violated.

48. On March 4, 2013, GT filed an Answer which included four counterclaims against plaintiff.

49. The counterclaim filed against plaintiff is lacking in merit and was filed solely for the purpose of retaliating against plaintiff for asserting his rights under the FLSA and NYSLL.

50. Defendants, by the above-acts, have violated 29 U.S.C. § 215 by retaliating against plaintiff for asserting his rights under the FLSA.

51. No previous application for relief has been made for the relief requested herein.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Retaliation – FLSA)

52. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 51 of the Complaint as if set forth herein.

53. Defendants, by the above-acts, have violated NYSLL § 215 by retaliating against plaintiff for asserting his rights under the FLSA and NYSLL.

54. No previous application for relief has been made for the relief requested herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and NYSLL § 663;

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. § 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violations of the FLSA and NYSLL;

(e) directing defendants to pay plaintiff additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

(f) directing defendants to pay plaintiffs an additional amount of liquidated damages as provided for in NYSLL §§ 198, 663.

(g) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL §§ 198, 663; and

(h) granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
March 19, 2013

                         Respectfully submitted,
                         CARY KANE LLP
                         Attorneys for Plaintiff

                         By: _____
                         Melissa S. Chan (MC5687)
                         Joshua S. C. Parkhurst (JP5022)
                         1350 Broadway, Suite 1400
                         New York, New York 10018
                         (212) 868-6300

## **DEMAND FOR A TRIAL BY JURY**

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.